IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3161 |
| vs. | |
| MATTHEW RAYMOND SCHROEDER, | ORDER |
| Defendant. | |

This matter is before the Court on a letter from the defendant (filing 60) that the Court has filed as a motion asking the Court to modify the conditions of his supervised release. That motion will be denied.

As relevant, the Court sentenced the defendant to 12 months' imprisonment, to be followed by a one-year term of supervised release. Filing 55 at 2-3. As a special condition of supervision, the Court required the defendant to live in a residential reentry center for up to 180 days, at the discretion of the probation officer. Filing 55 at 5. The defendant is still incarcerated, and explains that because he is required to live in a residential reentry center after his release, the Bureau of Prisons considers him ineligible for a halfway house before July 29, 2020. Filing 60 at 1-2. He says that if the Court changed that condition, he would be eligible for early transition to a halfway house or home confinement (it's not clear which). Filing 60 at 2.

The problem is that what the defendant is asking for is "to take the 'mandatory' away" from his sentence by clarifying it "to include a time of halfway house or home confinement at the discretion of Federal Probation." Filing 60 at 2. But that's already what the judgment effectively says:

> You must reside in a residential reentry center (RRC) for a period of up to 180 days in the correctional component, *to commence at the direction of the probation officer*, and you must observe the rules of that facility. *You may be discharged earlier than 180 days by the probation officer, if you are determined to be in full compliance with the conditions of supervision.*

Filing 55 at 6 (emphasis supplied). It's not clear what else the Court can say to make that condition any more discretionary than it already is.[1] Accordingly,

IT IS ORDERED that the defendant's motion to modify the conditions of his supervised release (filing 60) is denied without prejudice to further filing.

Dated this 28th day of January, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge

---

[1] The Bureau of Prisons is, of course, obliged to transition the defendant out of imprisonment for at least the last 10 percent of his sentence. *See* 18 U.S.C. § 3624(c); *Elwood v. Jeter*, 386 F.3d 842, 846 (8th Cir. 2004). And even before then, the Bureau of Prisons is required to exercise individual discretion to determine whether the defendant should be transitioned sooner. *See* 18 U.S.C. § 3621(b); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *see also Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007). But if the defendant thinks those provisions haven't been complied with, it's an issue that must be presented for administrative review and then, if necessary, the U.S. District Court where the defendant is confined. *See Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010); *see also* 28 U.S.C. § 2241.